UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

    MICHAEL ERWIN ACUNA,

           Debtor.

Case Number: 21-11517-7

---

MICHAEL ERWIN ACUNA,

           Plaintiff,
   v.

ILLINOIS DEPARTMENT OF REVENUE
and INTERNAL REVENUE SERVICE,

           Defendants.

Adversary Number: 21-00034

---

## DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH REGARD TO COUNT I OF THE AMENDED COMPLAINT

Plaintiff, Michael Erwin Acuna ("Debtor"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Debtor initiated an adversary proceeding against both the Internal Revenue Service ("IRS") and the Illinois Department of Revenue. Debtor then filed a Second Amended Complaint. Count I of that Complaint pertains only to the IRS. Before this Court is a Motion for Summary Judgment relating to Count I. The Motion asks that this Court declare the IRS's federal tax liens are forever void for all purposes.

The undisputed facts are as follows: Debtor acknowledges that his federal income tax liabilities for 2016 and 2017 are $29,000 and $134,500, respectively. Debtor did not list either of those liabilities as disputed. The Clerk

of Court issued an Official Form 309A, Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline. It directed Debtor's creditors not to file proofs of claim. The IRS has not filed a proof of claim. Debtor was awarded a Chapter 7 discharge. To date, neither Debtor nor the IRS has sought a judicial determination on whether Debtor's federal income tax debts are excepted from discharge under any subpart of 11 U.S.C. § 523(a)(1).

On the petition date, Debtor resided at N836 New School Road, New Auburn, Rusk County, Wisconsin. The Trustee filed a no asset report. The IRS did not file a Notice of Federal Tax Lien ("NFTL") against the Debtor in Rusk County.

For Wisconsin taxpayers, the proper place to file a NFTL with respect to a taxpayer's personal property is the office of the register of deeds for the county in which the taxpayer then resides. *See* 26 U.S.C. § 6323(f)(1)(A)(ii); Wis. Stats. § 779.97(2)(c)4. For liens on Wisconsin real property, the IRS must file the NFTL in the county where the real property is located. *See* 26 U.S.C. § 6326(f)(1)(A)(i); Wis. Stats. § 779.97(2)(b). In September 2019, the IRS filed a NFTL against the Debtor in Chippewa County. But the Debtor resides in the Rusk County portion of New Auburn, Wisconsin, not the Chippewa County portion. On his Bankruptcy Schedule A/B, Debtor swore he did not own any real property. On his Bankruptcy Schedule C, Debtor listed 34 separate items of personal property, none of which are in Chippewa County. Thus, the IRS did not file its NFTL in a county where the Debtor has real property or where the Debtor resides.

The Chapter 7 Trustee assigned to Debtor's case has consented to Debtor bringing an action to avoid the federal tax liens on Debtor's exempt property under 11 U.S.C. § 522(h).[1] Section 522(h) empowers a debtor with the ability to "avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

> **(1)** such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> **(2)** the trustee does not attempt to avoid such transfer."

The IRS does not dispute that its liens, to the extent that they encumber Debtor's exempt property, are avoidable under 11 U.S.C. § 522(h), subject to 11 U.S.C. § 522(c)(1). The IRS stipulated to that relief. So the parties agree that Debtor is entitled to that relief because the IRS filed its NFTL in the wrong county. Consequently, the Trustee could avoid the tax liens under 11 U.S.C. § 544(a)(1). And since the Trustee consents to Debtor's avoiding them, Debtor may now avoid them, on his exempt property, under 11 U.S.C. § 522(h). The IRS thus agrees that Debtor is entitled to summary judgment avoiding the 2016 and 2017 federal tax liens on his exempt property under 11 U.S.C. § 522(h).

---

[1] In an email exchange between Debtor's counsel and Chapter 7 Trustee Parrish Jones, Jones did not object to the Debtor filing lien avoidance actions against the IRS and the Illinois Department of Revenue. *See* Case No. 21-00034-cjf, ECF No. 29, Exh. 1.

3

But the IRS believes this relief is subject to 11 U.S.C. § 522(c)(1). The IRS argues that because it has not yet decided whether it will bring a nondischargeability action under 11 U.S.C. § 523(a)(1)(C), this Court cannot yet determine whether there is a genuine issue of material fact about the IRS's ability to avail itself of 11 U.S.C. § 522(c)(1).

Section 522(c)(1) states that:

> **(c)** Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
>
> **(1)** a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph).

In other words, section 522(c)(1) renders exempt property liable for taxes that are excepted from discharge under section 523(a)(1) of the Bankruptcy Code.

In response, the Debtor argues that section 522(c)(1), which does not mention liens, has nothing to do with lien avoidance under section 522(h). The focus of Debtor's Motion for Summary Judgment is section 522(h). So, he suggests, section 522(c)(1) can be ignored. Debtor also asks this Court for a determination that the IRS's liens are void and may be stripped under 11 U.S.C. § 506(d) because the IRS failed to file a proof of claim. Additionally he seeks a declaration that any IRS lien is "void for all purposes."

4

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The matter before the Court relates to lien avoidance. It falls within "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate" and is thus a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## DISCUSSION

### A. Summary Judgment Standard

The summary judgment standard under Rule 56 is familiar: summary judgment may be entered when there is no genuine issue of any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a) (made applicable by FED. R. BANKR. P. 7056); *Velez v. City of Chicago*, 442 F.3d 1043, 1047 (7th Cir. 2006). Summary judgment is not a paper trial. As noted by the Court in *Anderson v. Liberty Lobby, Inc.*, the Court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The Court has one task and one task only: to decide, based on the record, whether there is any material dispute of fact that requires a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *see also Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003). The Court must view all facts and indulge all inferences in the light most favorable to the defendant and determine whether there is a genuine issue for trial.

5

If the plaintiff makes out a prima facie case that there is no genuine issue of material fact, then the defendant must present evidence to show there is a genuine issue for trial. This evidence does not have to be "in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party may oppose the motion by "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id.*

### B. Section 506(d) Lien Avoidance

The Debtor requests a determination that the IRS's liens are void and may be stripped under section 506(d) of the Code. The Debtor contends the IRS's liens may be avoided under section 506(d) because the IRS failed to file a proof of claim. Because 11 U.S.C. § 502 of the Code states that a "claim or interest, proof of which is filed under section 501 of [the Code], is deemed allowed," and the IRS did not file any proof of claim, the IRS does not have an allowed secured claim. Because the IRS does not have an allowed secured claim, the Debtor may avoid the IRS's liens under section 506(d) that states, subject to two exceptions, that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."

The IRS, on the other hand, argues that its liens may not be avoided because the *only* reason its claim would not be an allowed secured claim is because the IRS did not file a proof of claim. As a result, this places the IRS's claim under the umbrella of section 506(d)(2), which says that a lien may *not*

be avoided if the only reason why a secured claim would be disallowed is "due only to the failure of any entity to file a proof of such claim."

This Court agrees with the IRS and finds that its liens may not be avoided under section 506(d). One major effect of the IRS failing to file its NFTL in the right location is that the IRS does not have priority against certain other third parties. Section 6323(a) of the Internal Revenue Code states as follows:

> **26 U.S. Code § 6323 - Validity and priority against certain persons**. (a) PURCHASERS, HOLDERS OF SECURITY INTERESTS, MECHANIC'S LIENORS, AND JUDGMENT LIEN CREDITORS. The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

Subsection (f) of section 6323 lays out the requirements for filing a NFTL—where a NFTL must be filed.

The text of section 6323 makes it clear that because the IRS did not properly file its NFTL, its liens are not perfected against purchasers, holders of security interests, mechanic's liens, and judgment lien creditors. And because the Chapter 7 trustee takes the role of a bona fide purchaser upon the commencement of a bankruptcy case under 11 U.S.C. § 544(a)(3), the IRS's failure to file the NFTL means its liens are not valid against the trustee or property of the estate.

But nowhere in section 6323, nor anywhere else in the Internal Revenue Code, does it state that a NFTL is needed to perfect a tax lien against the taxpayer him or herself. Thus, the fact that the IRS did not properly file its NFTL does not impact the validity of its liens against the *Debtor*.

7

A lien arises automatically when a taxpayer fails to pay taxes. As a result, the IRS's liens were perfected and enforceable against the Debtor when they arose. Because the IRS did not file an NFTL, its liens may not have priority and be unenforceable against certain third parties. But case law is clear in that, in a Chapter 7 bankruptcy, a lien cannot be stripped simply because the value of the property underlying the lien is zero. *See, e.g., Dewsnup v. Timm*, 502 U.S. 410 (1992) (barring Chapter 7 debtors from stripping a creditor's partially secured claim down to the value of the underlying property); *Bank of America, N.A. v. Caulkett*, 575 U.S. 790 (2015) (a debtor in a Chapter 7 bankruptcy proceeding may not "strip off" or void a junior mortgage lien pursuant to section 506(d) when the debt owed on a senior mortgage lien exceeds the present value of the property).

Indeed, a federal tax lien generally survives a bankruptcy discharge. "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *Pansier v. United States*, 225 B.R. 657, 661 (E.D. Wis. 1998). The lien continues until the underlying tax liability is satisfied or becomes unenforceable by the lapse of time. 26 U.S.C. § 6322. If, for example, there is nonexempt property the Chapter 7 trustee abandons, the IRS's lien would attach to this property and be available for the IRS to pursue post-discharge.

Document      Page 9 of 12

Therefore, if the IRS filed a proof of claim, it would have held an allowed secured claim against the Debtor. But the IRS did not file a proof of claim. This means that the only reason the IRS's secured claim would be disallowed is "due only to the failure of [the IRS] to file a proof of [its] claim."

So the Debtor may not avoid the IRS's liens under section 506(d). Debtor's request for summary judgment is thus denied on this issue.

Further, this Court has the authority to grant summary judgment to a nonmovant when the Court believes it is necessary. FED. R. CIV. P. 56(f). The Court finds such a grant is necessary here. For that reason, this Court grants summary judgment in favor of the IRS and finds that the IRS's liens may not be avoided under section 506 of the Code.

### C. Section 522(h) Lien Avoidance

This Court agrees with the IRS that the Debtor is entitled to summary judgment avoiding the 2016 and 2017 federal tax liens on his exempt property under 11 U.S.C. § 522(h), subject to section 522(c)(1). The Debtor is not entitled to a declaration on summary judgment that the IRS's liens are forever ineffective against the Debtor's exempt property or that the Debtor may use section 522(h) to void the IRS's liens for all purposes. Debtor has failed to establish that there is no genuine issue of material fact as to whether the IRS may avail themselves of section 522(c)(1).

The IRS argues that, though it has not yet done so, it is still able to bring a nondischargeability action under section 523(a)(1)(C) for a determination that the Debtor's debt is nondischargeable based on the Debtor making a

fraudulent return or willfully seeking to evade or defeat a tax. If the IRS brings such an action, and this Court determines the debt owed to the IRS is nondischargeable under section 523(a)(1)(C), then the IRS may use section 522(c)(1). That would make exempt property liable for satisfying the debt owed to the IRS. But because this Court has not yet made such a determination, it is premature to determine, as the Debtor is asking the Court to do, that the IRS's liens may be totally avoided on all property—exempt or nonexempt—for all reasons and forever.

In response, Debtor argues section 522(c)(1) is irrelevant because it does not mention liens or lien avoidance. And, the Debtor argues, for the first time in his summary judgment motion, that he filed his federal tax returns in good faith and not in any attempt to evade taxes. So he says sections 523(a)(1)(C) and 522(c)(1) are inapplicable.

This Court agrees with the IRS. The motion before the Court is a Motion for Summary Judgment to determine whether the IRS's liens may be avoided. The Court will not make any determination as to whether the IRS's debt is nondischargeable under section 523 of the Bankruptcy Code. No nondischargeability action has been brought, and so the parties have not yet litigated whether the IRS's debt is nondischargeable under section 523(a)(1)(C). Debtor may not do so for the first time on a motion for summary judgment that relates to another, separate legal issue. Whether or not the IRS decides to do so, the IRS is still able to pursue a section 523(a)(1)(C) action. Until the IRS finalizes that decision, this Court cannot find that the IRS is foreclosed from

availing itself of section 522(c)(1). As a result, the Debtor's request for this Court to determine the IRS's liens are forever void and ineffective on all property—exempt or nonexempt—for all reasons, is an overly-broad and inappropriate request. This Court will not make such a sweeping determination.

Further, this Court notes that if it were to determine today that the IRS's liens are immediately and forever void against all property, and the IRS's debt is later found to be nondischargeable under section 523(a)(1)(C), the IRS will not later be able to use section 522(c)(1) to satisfy its debt against the Debtor. This is due to 11 U.S.C. § 522(f). Section 522(f) states, in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3) [*inapplicable here*], the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

In other words, a judicial lien obtained to secure a debt specified in section 523 (aside from section 523(a)(5)) may *not* extend to the Debtor's exempt property. As a result, if this Court today declares the IRS's liens void and ineffective against exempt property, any judicial lien the IRS obtains as a result of a nondischargeability action would not extend to the Debtor's exempt property. This would render section 522(c)(1), which makes exempt property liable for taxes that are excepted from discharge under section 523(a)(1) of the Bankruptcy Code, superfluous.

## CONCLUSION

For all these reasons, this Court GRANTS Debtor's Motion for Summary Judgment in part, DENIES Debtor's Motion for Summary Judgment in part, and GRANTS partial summary judgment in favor of the IRS. Specifically:

1. This Court GRANTS the Debtor's Motion for Summary Judgment in part and declares that Debtor is entitled to summary judgment avoiding the 2016 and 2017 federal tax liens on his exempt property under 11 U.S.C. § 522(h), subject to § 522(c)(1).

2. This Court DENIES the Debtor's Motion for Summary Judgment to the extent it seeks a declaration the Debtor may avoid the IRS's liens under 11 U.S.C. § 506(d).

3. This Court GRANTS partial summary judgment in favor of the IRS and declares that the IRS's liens may not be avoided under 11 U.S.C. § 506(d).

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: July 29, 2022

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge