UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

MICHAEL ERWIN ACUNA,

    Debtor.

Case Number: 21-11517-7

---

MICHAEL ERWIN ACUNA,

    Plaintiff,

v.

ILLINOIS DEPARTMENT OF REVENUE
and INTERNAL REVENUE SERVICE,

    Defendants.

Adversary Number: 21-00034

---

**DECISION ON PLAINTIFF'S MOTION TO
ALTER OR AMEND SUMMARY JUDGMENT FOR DEFENDANT
ILLINOIS DEPARTMENT OF REVENUE WITH REGARD TO
COUNT IV OF THE SECOND AMENDED COMPLAINT**

Michael Erwin Acuna ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. He then initiated an adversary proceeding against both the Internal Revenue Service and the Illinois Department of Revenue ("IDOR"). Counts II, III, and IV of his Second Amended Complaint pertain only to IDOR. The Debtor and IDOR filed cross-motions for summary judgment. The Court granted summary judgment to the Debtor relating to Count II, denied Count III as moot, and found in favor of IDOR on Count IV.[1]

---

[1] ECF Nos. 54, 55. This decision will not recount the winding facts and background that support the summary judgment decision and order. Instead, it incorporates the findings of fact by reference.

In short, the Debtor asked the Court in Count IV to rule that his 2017 unpaid Illinois income tax claims were not an eighth priority tax claim, did not fall within any section 523 exception to discharge, and were general unsecured claims that have been discharged. In its decision, the Court reasoned that there are three requirements for an income tax debt to fall under section 507(a)(8)(A)(i): First, it must be a debt for a taxable year ending on or before the petition date. Second, the debtor must be required to file a "return" for that tax debt. Third, that "return" must be last due, including extensions, after three years before the petition date. The first and third requirements were uncontroverted. The Court found the second requirement in favor of IDOR, determining that the Debtor's federal change notification was a return under Illinois statute. Thus, his income tax debt was properly classified as a priority tax claim under section 507, and, in turn, nondischargeable per section 523(a)(1)(A).

Unhappy with the decision, the Debtor moves to alter or amend the judgment on Count IV under Federal Rule of Civil Procedure 59(e). In the motion, he argues that the Court did not properly consider two relevant passages from his briefing in making its ruling. Debtor points to his argument that "if [IDOR's] regulations prescribed some other form of notification not using a tax return form, the Plaintiff's 2017 tax would not be dischargeable . . . . [IDOR's] position appears to be that through its own regulatory promulgations, [IDOR] can control the dischargeability outcome under federal law." Second, Debtor points to three paragraphs from his response to IDOR's

summary judgment brief arguing that if IDOR's position were correct, then relevant provisions of the Illinois administrative code would be redundant. In conclusion, Debtor submits that the Court overlooked and did not properly evaluate these arguments.

In response, IDOR highlights the standard to alter or amend a judgment under Rule 59(e). IDOR argues that under Rule 59(e), "'a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment' . . . . Here, Plaintiff does neither." (citing *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). IDOR further argues that a court does not have to scour the briefs and the transcript to search out and address every argument the parties have made at different stages.

To begin, IDOR is correct that "[a] motion for reconsideration under Rule 59(e) is appropriate where the moving party can clearly establish that there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (internal quotations omitted). Such a motion "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation and citation omitted). "The rule essentially enables a [court] to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy*, 51 F.3d

3

746, 749 (7th Cir. 1995). "However, it is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the [court] rendered a judgment." *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (internal quotation and citation omitted).

There are no new facts presented. Neither does Debtor identify any legal argument not previously presented or considered. The Court considered and rejected the argument that the amended return was not a notification. That there are different processes for updating or amending the returns by the taxpayer, depending on what triggers the change, does not modify the fact that the notification is a tax return. An amended return is a tax return. It was signed under penalty of perjury.

Because the Debtor's unpaid income tax for 2017 is for a debt for a taxable year ending on or before the petition date and the Debtor's amended return was last due, including extensions, after three years before the petition date, it is a debt that falls under section 507(a)(8)(A) and is therefore nondischargeable pursuant to 523(a)(1)(A).

For Count IV, the Debtor merely seeks to relitigate arguments the Court has already considered and rejected. Copying, bolding, and underlining passages from Debtor's prior brief—already seen and considered by the Court—does not carry Debtor's burden under Rule 59(e) in proving that the Court committed manifest legal error.

For the foregoing reasons, this Court orders that Debtor's motion to alter and amend summary judgment on Count IV is DENIED.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: October 11, 2022

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge