UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

MICHAEL ERWIN ACUNA,

    Debtor.

Case Number: 21-11517-7

---

MICHAEL ERWIN ACUNA,

    Plaintiff,

v.

ILLINOIS DEPARTMENT OF REVENUE
and INTERNAL REVENUE SERVICE,

    Defendants.

Adversary Number: 21-00034

---

### DECISION ON PLAINTIFF'S MOTION TO ALTER OR AMEND SUMMARY JUDGMENT FOR DEFENDANT INTERNAL REVENUE SERVICE WITH REGARD TO COUNT I OF THE SECOND AMENDED COMPLAINT

Michael Erwin Acuna ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. He later started an adversary proceeding against both the Internal Revenue Service ("IRS") and the Illinois Department of Revenue ("IDOR"). Count I of his Second Amended Complaint pertains only to the IRS. The Court granted, in part, summary judgment for the IRS.[1] The Debtor then moved to alter or amend summary judgment on Count I (the "Motion"). The Court held a hearing on the Motion on September 13, at which

---

[1] ECF Nos. 52, 53. This decision will not recount the winding facts and background that support the summary judgment decision and order. Instead, it incorporates the findings of fact by reference.

the IRS requested leave to respond. The Debtor left it to the Court to decide whether he should reply, and the Court decided no reply was needed.[2]

In the Motion, Debtor claims the Court mischaracterized his argument about 11 U.S.C. § 506 and that the IRS's tax lien should be avoided under that section. Further, that the Court improperly granted summary judgment to the IRS, and improperly held that nondischargeability was a separate issue not to be determined.

In response, the IRS first argues that the Debtor has not carried his burden under Rule 59(e) in presenting new evidence or highlighting evidence in the record that establishes manifest error of law or fact. The IRS also echoes the Court's conclusion that the Debtor may not avoid the tax liens forever and irrevocably, even if his taxes prove to be excepted from discharge. The IRS agrees that the Court made the correct decision in ruling that section 506(d) cannot be used to nullify the IRS's lien.

Next, however, the IRS says that it made an erroneous claim in its position in the prior briefing. It says that the Court may need to alter its reasoning while maintaining the outcome. The IRS believes that "it is the Trustee's 'rights' as a judicial-lien creditor that render the unfiled tax lien

---

[2] Hearing on the Motion, September 13, at 2:40:02 p.m.:

> COURT:  Is there any basis under the code and rules . . . to submit a further writing and response in support of your motion?
> JAROS:  No, I think this is up to the Court's discretion.
> COURT:  Then the Court is exercising its discretion.

2

automatically 'not valid' as to the estate,"[3] under section 522(c), and not the Debtor's ability to avoid the liens under section 522(h).

And lastly, because of the IRS's alternative reasoning supporting summary judgment, the Debtor filed a motion for leave to file a reply to the IRS's objection. The reply was short and has been considered despite the fact the Debtor waived any reply.[4]

## STANDARD

A motion for reconsideration under Rule 59(e) is appropriate where the moving party can "clearly establish" that "there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Such a motion "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation and citation omitted).

"The rule essentially enables a [court] to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995). "However, it is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before

---

[3] ECF No. 61, p. 4.

[4] ECF No. 63.

3

the [court] rendered a judgment." *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (internal quotation and citation omitted).

## DISCUSSION

The Debtor's Motion suggests the Court should reconsider Count I under five theories. Those theories can reasonably be grouped into three. First, the Court mischaracterized the Debtor's arguments about section 506(d). Second, the Court improperly granted summary judgment to the IRS. And third, that the Court should have ruled on the nondischargeability of the tax liens.

1) *<u>The Court Mischaracterized the Debtor's Arguments under Section 506(d)</u>.*

Debtor says the argument under section 506(d) was clear:

> The issue for the Court is to decide whether if the Defendant U.S.A. had filed a proof of secured claim, would the secured claim, as alleged by the proof of secured claim, have been disallowed in the face of an objection by the Debtor? If so, then "such lien is void." Conversely, if the Debtor's objection were overruled and the secured claim allowed, then in the instant case, the Defendant's claim here "is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501" and the lien would not be void.

So, he continues,

> [T]he issue—as so framed (and as Section 506(d) plainly requires)— called upon the Court to consider all applicable law and arguments in order to determine whether such a hypothetically filed proof of secured claim would necessarily have been allowed or, instead, could have been disallowed *as a secured claim* (even if allowed as an unsecured claim).[5]

The Debtor also argues that the Court engages in circular reasoning by suggesting that federal tax liens generally survive bankruptcy, and then, the

---

[5] ECF No. 56, pp. 3-4 (emphasis in original).

4

Debtor claims, using that general rule to prove that the exception to it under section 506(d) does not apply. In summary, the Debtor argues that the Court's "[d]ecision appears to have merely assumed that if the Defendant U.S.A. filed a proof of claim, it would have been an allowed *secured* claim—rather than an allowed *unsecured* claim as scheduled by the Debtor."[6]

In response, the IRS again concedes it did not file a Notice of Federal Tax Lien ("NFTL") in the proper county. Thus, its lien was not valid against judgment lien creditors under 26 U.S.C. § 6323(a). And, it continues, "because section 544(a)(1) of the Bankruptcy Code grants a trustee 'the rights and powers of' a judicial-lien creditor, the tax liens for Acuna's taxes are not valid against the trustee (and hence, Acuna's estate)."

The IRS amends its initial argument, however, claiming that it is the Trustee's rights as a judicial lien creditor that automatically render the unfiled NFTL not valid against the estate, rather than the Trustee's avoiding powers under section 544(a)(1). The IRS clarifies that since it did not file a NFTL, the Debtor need not invoke section 522(h) to protect exempt property, because section 522(c) already does so.[7]

---

[6] *Id.*, p. 6 (emphasis in original).

[7] Debtor filed a motion for leave to file a reply to the IRS's response based on this amended argument. ECF No. 63. He argues that the IRS's response is not confined to the Debtor's motion to reconsider, but includes a new argument that was not presented in the original briefing, and "invites the Court to grant new and/or different summary judgment relief to conform to that new argument." *Id.* The Debtor's motion for leave is denied. The IRS's response does not invite "new and/or different summary judgment relief"; it says that "[u]nder the alternative interpretation, the result is the same as that imposed by Court's decision, so the United States is not asking the Court to change its ruling." ECF No. 61 n.1.

5

Finally, the IRS argues that even though it does not hold an allowed secured claim against the bankruptcy estate, its liens are not forever and irrevocably void under section 506(d) because it still maintains recourse against property of the Debtor that is not property of the estate. It then lists three examples of such property, including exempt property (if the Debtor's taxes are excepted from discharge), nonexempt property that the Trustee abandons to the Debtor, and property that is excluded from the estate altogether.

To start, the Debtor does little to distinguish this Motion from his prior briefing. He uses several block quotes from his prior motions, briefs, and responses with miscellaneous passages bolded and underlined, insisting that the Court did not previously review them. As discussed in the Court's prior decision, the Court considered all submissions in connection with the summary judgment motion. More is needed under Rule 59(e) to establish a clear and manifest error of law than to simply incorporate previous arguments.

Moving on, the facts here are uncontested: the Debtor did not pay his federal income taxes in 2016 or 2017. As a result, the IRS held a statutory lien through 26 U.S.C. § 6321. The lien was not valid against the Trustee, however, because the IRS failed to properly file a NFTL.

The Court agrees with the IRS's alternative interpretation that the Trustee's rights as a judicial-lien creditor render the unfiled tax lien not valid against the estate. But the liens being automatically invalid does not extend to the Debtor exercising the Trustee's rights under section 522(h) because

subsection (2) requires that the Trustee "does not attempt to avoid such a transfer." So, while the IRS's lien was automatically invalid as to the estate, the Debtor was required to obtain the Trustee's consent before commencing an avoidance action, as he did here. In turn, it's unclear whether section 522(c) automatically protected the Debtor's exempt property because the dischargeability issue under section 522(c)(1) was never properly before the Court. The Debtor elected to proceed seeking a determination under section 506(d).

Nonetheless, this result, along with the legislative history reviewed in *United States v. Speers*, 382 U.S. 266 (1965), and the guidance from *Dewsnup v. Timm*, 502 U.S. 410 (1992), further affirms that this Court's ruling for the IRS was the correct one. Together, these authorities maintain that bankruptcy trustees prevail over unrecorded federal tax liens, and that liens cannot be stripped simply because the value of their collateral is zero. Nowhere do they state that liens can be rendered forever and irrevocably void for all purposes and under any hypothetical set of facts. On the contrary, *Dewsnup* reiterates that "liens pass through bankruptcy unaffected." 502 U.S. at 417. *See also Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."); *Ryan v. United States (In re Ryan)*, 725 F.3d 623, 625 (7th Cir. 2013) ("[L]iens pass through bankruptcy unaffected . . . without regard to whether that claim would have been deemed secured or unsecured under

7

§ 506(a).") (citing *Dewsnup*, 502 U.S. at 414–18); *Pansier v. United States*, 225 B.R. 657, 661 (E.D. Wis. 1998).

To reiterate the point: The tax liens are not void under section 506(d) just because no proof of claim was filed. In fact, creditors were directed <u>not</u> to file claims:

> No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.[8]

The IRS would still have recourse to the Debtor's assets *if*: (1) there was a future determination that the taxes were not dischargeable; (2) there is nonexempt property abandoned by the Trustee (and in this case all property of the estate was abandoned); or (3) as to any property that is excluded from the estate. Nonetheless, a properly filed NFTL would be required.

   *2) The Court Improperly Granted Summary Judgment to the IRS.*

Next, the Debtor claims that the Court improperly granted summary judgment to the IRS in declaring that the IRS's liens may not be avoided under 11 U.S.C. § 506(d). He argues that Rule 56(f) (incorporated here by Federal Rule of Bankruptcy Procedure 7056) requires the Court to give notice and a reasonable time to respond before granting summary judgment for a nonmovant. In support, he argues that the burden of proof lies on the party moving for summary judgment, and that a movant must show that every state

---

[8] Case No. 21-11517, ECF No. 4, p. 2, ¶ 10.

of facts entitles them to summary judgment. Finally, he states that in a reply he would have presented additional authorities and argument that a hypothetical proof of claim filed by the IRS would have been disallowed by a hypothetical objection.

The Notes from the 1963 Advisory Committee on Rules explain that subsection (f) of Rule 56 was meant to overcome a line of cases from the Third Circuit that "impaired the utility of the summary judgment device." The Committee paraphrases the case law as follows:

> A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. In this situation Third Circuit cases have taken the view that summary judgment must be denied, at least if the averments are "well-pleaded," and not suppositious, conclusory, or ultimate.

But the Committee also clarified that subsection (f) was not designed to affect the ordinary standards applicable to summary judgment. The Committee states, for example:

> Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition.

The evidentiary concerns surrounding Rule 56 have been the subject of decisions from circuit courts across the country. The Seventh Circuit, for

example, upheld a decision where the district court granted summary judgment to a non-moving defendant when the plaintiff had not identified any significant evidence that it omitted. The defendant had also argued that there were no genuine issues of material fact about the matter and asserted entitlement to judgment as a matter of law on all claims. *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 461–62 (7th Cir. 2009).

Similarly, the Second Circuit has held that a district court did not err in concluding that a non-movant was entitled to summary judgment where the material facts were undisputed and the central legal issue had been fully briefed by the parties. It therefore held that remand for a trial was not required. *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 100 (2d Cir. 2009). *See also Bridgeway Corp. v. Citibank*, 201 F.3d 134, 140 (2d Cir. 2000) ("[W]hen the moving party cannot plausibly claim that, had it been given notice of the district court's consideration of summary judgment against it, it would have brought forth additional evidence, the district court's failure to give notice is harmless and a remand is futile."); *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 219, 224 (3d Cir. 2004) ("[W]e recognize an exception to the notice requirement of Rule 56 in those cases where summary judgment is granted *sua sponte* subject to the meeting of three conditions: (1) the point at issue is purely legal; (2) the record was fully developed, and (3) the failure to give notice does not prejudice the party, all of which are met here."); *Artistic Entm't v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003)

(*sua sponte* summary judgment without formal notice "entirely appropriate" if involving only a legal issue that has been "fully developed" during proceedings).

At the beginning of his motion for summary judgment, Debtor straightforwardly declares that "[t]here are no genuine issues of material fact . . . . As a result, the only issues are issues of law."[9] Both parties agree on the facts, and no evidentiary argument has been made. Instead, the Debtor wants to brief whether a hypothetical proof of claim filed by the IRS would withstand a hypothetical objection filed by the Debtor. As explained previously, the Court will not entertain such hypotheticals when the facts themselves are sufficient. The Court does not rule on hypotheticals. The Court refuses to grant the Debtor a fifth or sixth bite at the apple.[10] There were no facts in dispute. The Court properly ruled on the facts presented based on the law. The Court is permitted to *sua sponte* grant summary judgment as it did in this case.

3) *The Court Should Have Ruled on the Nondischargeability of the Tax Liens.*

Finally, the Debtor argues that dischargeability is a subsidiary and necessary issue to determine relief under section 506. He says that the Court errs "in ruling . . . that only the [IRS] may decide the timing of a dischargeability action under 11 U.S.C. § 523(a)(1)(C)."

Rule 54(c) states that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled." FED. R. CIV. P. 54(c). "While

---

[9] ECF No. 33, pp. 1–2.

[10] *See, e.g.*, ECF Nos. 33, 49, 50, 51, 56.

it is undoubtedly true that district courts should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings, Rule 54(c) does not allow the district court to award relief based on a theory that was not properly raised at trial . . . or to a party that has not prevailed." *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998) (internal citations omitted).

Pleadings are guides to the nature of the case. The ultimate measure is what is pleaded and proven, not merely what was demanded under Rule 54(c). The function of Rule 54(c) is to prevent clumsy drafting or technical missteps from depriving the pleader of a deserved recovery. But as noted by the Seventh Circuit in *Old Republic Ins. Co.*, the ability to award unpled relief is not boundless. It is still tethered to the lawsuit. A fair reading of the pleadings constrains the relief.

Here, neither the Debtor nor the IRS sued for determination of dischargeability under section 523. There were no factual allegations, for example, about whether there were returns filed, and, if so, the dates on which they were filed or amended, and ultimately whether they are taxes that would satisfy the elements of section 523(a)(1)(A) or (B). Because no claim related to the issue has been asserted by either party, a decision on the issue was not properly before the Court and was not ripe. For that reason, the Court did not make any determination on the question. If the Debtor wanted a determination about the dischargeability of the unpaid taxes, he could and should have

included a claim and sought a determination in his complaint. He did not do so.

Additionally, the Court could only have reviewed dischargeability based on the facts. The relief that the Debtor seeks in the request for reconsideration asks the Court to speculate about what may or may not be discovered or presented if new facts are identified. He asks that the taxes be irrevocably declared discharged regardless of any possible future evidence. This is a request that is beyond the authority of the Court. In short, if the taxes were accurate, and the IRS does not present evidence that there was fraud or some other basis for nondischargeability within the applicable statute of limitations, the taxes and *in personam* liability of the Debtor are discharged. The Court does not know, however, whether the IRS will discover evidence that would make the returns inaccurate or fraudulent or whether the IRS could pursue such claims. The Court will not speculate about what may or may not occur in the future, and there is no basis in the Code to foreclose the IRS's rights if such evidence is discovered within the appropriate statute of limitations.

## CONCLUSION

For these reasons, this Court orders that Debtor's motion to alter and amend summary judgment on Count I is DENIED.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: October 27, 2022

                              BY THE COURT:

                              _____
                              Hon. Catherine J. Furay
                              U.S. Bankruptcy Judge